UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MEREDITH G. HAMPTON and GEORGE STRAKOSCH, ) ) ) | Civil Action No. 3:04-cv-346 (PCD) |
| Plaintiffs, ) ) | |
| vs. ) ) | |
| DIAGEO NORTH AMERICA, INC. and MARK WALLER, ) ) ) | FEBRUARY 6, 2005 |
| Defendants. ) | |

### PLAINTIFFS' MEMO IN SUPPORT OF MOTION TO COMPEL PROPER RESPONSES TO REQUESTS FOR ADMISSIONS ON AN EXPEDITED BASIS

**BACKGROUND:** On December 10, 2004, Plaintiffs served Requests for Production on Defendants. Shortly before the responses were due, defendants' attorney requested that the time within which to respond be extended to January 21, 2005. Because requests are lengthy[1] as they relate to specifics of two plaintiffs and many documents produced by defendants, but about which defendants' witnesses at high and low levels have little specific recollection, plaintiffs' counsel agreed to the extension.

On January 24, 2005 plaintiffs' counsel received responses to Plaintiffs' Requests for Admissions that do not fairly meet the

---

[1] In part to solve a discovery problem created by Defendants general resistence to discovery and exacerbated by the fact that defendants did not keep key documents, the candidate assessments forms on which decision makers detailed the reasons for the selection of a group of young candidate rather than the imminently qualified older plaintiffs.

substance of the requested admissions as required by Rule 36. A complete set of Request and Responses is attached as Exhibit A.

**ARGUMENT:** The following examples are illustrative of the deficiencies that permeate defendants' responses:

In response to requests 27, 28, 29, 30, 31, 32[2] Defendants disavow any understanding of the very terms used it the job postings for the Brand Marketing Director positions at issue in this case.  While the attorneys responding may not understand what

---

[2]  **27.    In June 2002, Defendant was aware that Plaintiff Strakosch as of June 2002 had 10+ of FMCG (Fast Moving Consumer Goods) marketing experience.**
      Response: In addition to the foregoing Specific Objections, Defendants object to this Request on the grounds that it is vague and ambiguous as to who was allegedly "aware" of Strakosch's experience or what is meant by the term "10+ of FMCG (Fast Moving Consumer Goods) marketing experience." Subject to and without waiving these objections, Defendants deny that Strakosch's resume states that he had "10+ of FMCG (Fast Moving Consumer Goods) marketing experience".

**28.    In June 2002, Defendant was aware that Plaintiff Hampton as of June 2002 had 10+ of FMCG (Fast Moving Consumer Goods) marketing experience.**
      Response: In addition to the foregoing Specific Objections, Defendants object to this Request on the grounds that it is vague and ambiguous as to who was allegedly "aware" of Strakosch's experience or what is meant by the term "10+ of FMCG (Fast Moving Consumer Goods) marketing experience." Subject to and without waiving these objections, Defendants deny that Hampton's resume states that he had "10+ of FMCG (Fast Moving Consumer Goods) marketing experience".

**29.    As of June 2002, Defendant was aware that Plaintiff Strakosch as of June 2002 had more than 8 years of brand management experience.**
      Response: In addition to the foregoing Specific Objections, Defendants object to this Request on the grounds that it is vague and ambiguous as to who was allegedly "aware" of Strakosch's experience or what is meant by the ten-n "brand management experience." Subject to and without waiving these objections, Defendants deny this Request and further deny that Strakosch had relevant brand management experience for the Brand Director positions at issue.

**30.   As of June 2002, Defendant was aware that Plaintiff Hampton as of June 2002 had more than 10 years of brand management experience.**
      Response: In addition to the foregoing Specific Objections, Defendants object to this Request on the grounds that it is vague and ambiguous as to who was allegedly "aware" of Hampton's experience or what is meant by the term "brand management experience." Subject to and without waiving these objections. Defendants deny this Request and further deny that Hampton had relevant brand management experience for the Brand Director positions at issue,

**31. As of June 2002, Defendant was aware that Pamela Whiteside as of June 2002 had no brand management experience.**
      Response: In addition to the foregoing Specific Objections, Defendants object to this Request on the grounds that it is vague and ambiguous as to who was allegedly "aware" of Whiteside's experience or what is meant by the term "brand management experience." Subject to and without waiving these objections, Defendants deny this Request.

**32. As of June 2002. Defendant was aware that Jennifer Van Ness as of June 2002 had less than six years of brand management experience.**
  Response:In addition to the foregoing Specific Objections, Defendants object to this Request on the grounds that it is vague and ambiguous as to who was allegedly "aware" of Van Ness' experience or what is meant by the term "brand management experience." Subject to and waiving these objections, Defendants deny this Request.

the terms mean, the requests are directed to defendants who must surely understand precisely what the terms mean as these are the terms used in the job descriptions[3] written by defendants and integral to selection decisions at issue in this case;

Defendants responses to request for admission 149 and 150[4] are equally disingenuous as this has been an issue in this litigation for years, as evidenced by Defendants position paper to the Connecticut Commission on Human Rights and Opportunities[5].

Furthermore, requests for admission that defendants object to as vague and ambiguous are, in fact, neither vague nor ambiguous. An example: request 42[6] is quite clear and should be admitted or denied. Another examples: request for admission 222[7] is crystal clear: company records reflect that Kristen Anderson either was or

---

[3] Attached as Exhibits B

[4] **149. Diageo has no documents from Jose Cuervo International stating that the quality of Plaintiff Strakosch's work was unsatisfactory.**
  Response: Defendants will respond to this request after further investigation.
  **150. Diageo has no documents from Jose Cuervo International stating that the quality of Plaintiff Hampton's work was unsatisfactory.**
  Response: Defendants will respond to this request after further investigation.

[5] Defendants' attorneys position statements to the CHRO dated March 26 and April 10, 2003 attached as Exhibits C

[6] **42. Pamela Whiteside did not manage or market any whiskey brand prior to June 2002.**
  Response: In addition to the foregoing Specific Objections, Defendants object to this Request on the grounds that it is, vague and ambiguous. Subject to and without waiving these objections, Defendants deny that Whiteside did not have relevant knowledge of and experience with consumers and products associated with the Director of Popular Brands position and further deny that she was not the best candidate for the position.

[7] **222. In the summer of 2001, Kristen Anderson was the Vice President of Marketing for the Northeast IMC at Guinness UDV.**
  Response: In addition to the foregoing Specific Objections, Defendants object to this Request on the grounds that it seeks information neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of relevant, admissible evidence, as Anderson had no involvement in any of the selections, decisions, or actions at issue in this case.

was not in the position stated.  Request 259 and 260[8] are examples, among many, of a crystal clear request for an admission of fact that defendants find to be 'vague and ambiguous'

In fact with respect to request to admit 307, defense counsel specifically asked who plaintiffs meant by "the Company" and plaintiffs counsel responded that "the Company" meant Mr. Waller as to request 307. Despite that specific inquiry and reply, defendants claim in their January 21 response to 307 not to know who in the company is meant in 307, and claim in response that the "who" is vague and ambiguous.

Defendants also object to numerous requests as neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of relevant, admissible evidence. For example Larry Richardson was another older qualified applicant for various brand director positions in the same Waller CSM/TBA organization in which these older plaintiffs unsuccessfully sought Brand Director positions. Facts about him sought in these requests for relevant and likely to lead to the

---

[8] **259.   In the summer of 2003, James Thompson told Plaintiff Strakosch that the strategic work on Crown Royal was complete.**
    Response:In addition to the foregoing Specific Objections, Defendants object to this Reques grounds that it is vague and ambiguous and incapable of an accurate response.

 **260.   In the spring of 2001, Ryta Ringrose gave Plaintiff Strakosch a list of Seagram employees that included the employees' ages.**
    Response: In addition to the foregoing Specific Objections, Defendants object to this Request on the grounds that it is vague and ambiguous and incapable of an adequate response.

discovery of relevant, admissible evidence.  For example: request 220[9].

Defendant simply do not address the facts plaintiffs put forth in 35, 36, 39, 40, 43, 59, 60, 61, 76, 84, 98, 99, 105, 120, 126, 137, 168, 183, 206, 207, 210, 222, 228, 233, 260, 261, 307, 314, 340, 491, 506, 510, 516, 529.

Defendants have failed to respond to the requests addressed to the genuineness of documents as well.  Defendants have no basis to defer responding to the requests for admissions regarding documents until the Pre-Trial Order.  There never was any oral or written agreement justifying any such responses.  It is simply another instance of defendants obfuscation and rejection of the concept that plaintiffs are entitled to discovery[10].

Plaintiffs request that the Court require Defendants to respond to Requests for Admission numbered within ten (10) days. It should not be difficult since most of the documents are company documents that defendants must surely know to be genuine.

**SUMMARY:**    Plaintiffs request that the Court enter an order:

---

[9]  **220.  Larry Richardson was born July 20, 1950.**
   Response: Defendants object to this Request on the grounds that it seeks information neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of relevant, admissible evidence. Subject to and without waiving these objections, Defendants admit this Request on information and belief

[10] Please note **Plaintiff's Request for Production 40: Please produce any and all documents that support Defendants' denial in paragraph 16  of their answer that "Plaintiffs had superior qualifications, capabilities, and experience for these positions, and that less qualified candidates were selected for these positions."**
   Defendants response in part to Req. 40: Defendants further object to this request to the extent it seeks information that is immaterial/and/or neither relevant to the matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.."

    1. Overruling Defendants general objections and its objections as to requests for admissions; and

    2. Striking the surplusage in the responses to requests for admission numbered 35, 36, 39, 40, 43, 76, 137, 149, 150, 207, 260, 307, 314, 506, 529; and

    3. Directing Defendants to serve proper responses within ten days to Requests regarding documents (Requests numbered 18, 19, 21thru 26,70, 353 through 487 regarding <u>Exhibits:</u> 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 80, 81, 83, 84, 85, 86, 87, 88, 89, 90, 91, and 92)  for the reason that the answers provided to these requests do not comply with Rule 36.

    4. In the alternative, Plaintiffs request an order of the Court that the matters, of which, admission was requested, (Requests numbered 27, 28, 29, 30, 31, 32, 42, 59, 60, 61, 84, 98,99, 105, 120, 126,149, 150, 168, 183, 210, 222, 233, 259, 260, 261, 288,307) stand admitted.

    5. Plaintiffs further request that Defendants be ordered to pay Plaintiffs' reasonable expenses incurred in obtaining this order, including attorney's fees.