UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Meredith HAMPTON and : | |
| George STRAKOSCH, : | |
|     Plaintiffs, : | |
| : | |
|     -vs- : | Civil No. 3:04cv346  (PCD) |
| : | |
| DIAGEO NORTH AMERICA, INC. and : | |
| Mark WALLER, : | |
|     Defendants. : | |

## RULING ON PLAINTIFFS' MOTION FOR SANCTIONS AND MOTION TO COMPEL

Plaintiffs, Meredith G. Hampton and George Strakosch, move [Doc. No. 67], pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure, to compel Defendants to fully respond to their interrogatories and produce documents for inspection. Plaintiffs also move for sanctions [Doc. No. 63] against Defendants for their failure to comply with the Court's January 5, 2005 discovery order [Doc. No. 42]. For the reasons that follow, Plaintiffs' motion to compel is **granted in part** and their motion for sanctions is **denied.**

I.   INTRODUCTION

Familiarity with the facts of the case is presumed. Accordingly, only those facts relevant to addressing the issues raised in the motion to compel are set forth. Plaintiffs are two former employees of Defendant Diageo North America, Inc., who claim that Defendants discriminated against them on the basis of their age and in retaliation arising out of a reorganization of Diageo's Marketing Department in mid-2002. More specifically, Plaintiffs allege that they were not selected for certain Brand Marketing Director positions because of their age. Plaintiffs allege that Defendant Mark Waller, Executive Vice-President, Consumer Strategy and Marketing, aided

and abetted in the alleged discrimination and retaliation. Plaintiffs also assert a state law claim of breach of contract against Diageo.

Discovery was originally scheduled to close on January 31, 2005. In November, 2004, Plaintiffs moved to compel production of certain requested documents. On January 5, 2005, the Court issued an order [Doc. No. 42] compelling Defendants to produce: (1) the candidate assessment forms for each person who applied for the five brand marketing director positions for which Plaintiffs applied; (2) the entire personnel file of Defendant Mark Waller; (3) the entire personnel files, including the People Performance Management (PPM), Personal Development Reviews (PDR), and Be The Best (BTB) Development Plans, of Pamela Whiteside, Jennifer Van Ness, Jennifer Young, Carl Swedberg, and Craig Joden; (4) the personnel files of Daryl Benton, Jerry Knight, and Michael Ward; and (5) the performance/promotability or "high potential" ratings of all Level 4 and 5 employees within Waller's jurisdiction from 2001 through 2003.

Plaintiffs now move for sanctions on the grounds that Defendants have failed to comply with the Court's Order. According to Plaintiffs, Defendants have produced portions of the personnel files of Waller, Whiteside, Van Ness, Young, Swedberg, Joden, Benton, Knight, and Ward, but none of these files in its entirety. (Pls.' Mem. in Supp. of Sanctions at 3-7.) Plaintiffs also maintain that Defendants have disobeyed the Court's prior Order by failing to produce the performance/promotability or "high potential" ratings of all Level 4 and 5 employees in Waller's jurisdiction from 2001 through 2003. (Id. at 7-8.) Defendants counter that they have produced all personnel file documents collected through a good faith review of their files, and they dispute whether the record shows that the requested ratings information exists at all. (Defs.' Opp. at 2-4, 7.)

In December, 2004, Plaintiffs served their First Set of Requests for Admissions, to which Defendants timely responded on January 21, 2005. In their second motion to compel discovery [Doc. No. 67], Plaintiffs claim that Defendants' responses do not fairly meet the substance of the requested admissions as required by Rule 36.

## II.    STANDARD

Rule 36 of the Federal Rules of Civil Procedure provides, in relevant part, that an answer to a request for admission "shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission. . .." FED. R. CIV. P. 36(a). "When a request is denied, the court must consider: (1) whether the denial fairly meets the substance of the request; (2) whether good faith requires that the denial be qualified; and (3) whether any 'qualification' which has been supplied is a good faith qualification." Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988). The party opposing the requests bears the burden of demonstrating why the requests should be denied. Ruran v. Beth El Temple of W. Hartford, Inc., 226 F.R.D. 165, 168 (D. Conn. 2005).

Rule 37(b)(2) provides, in relevant part, that if a party fails to obey a discovery order, the court "may make such orders in regard to the failure as are just," including, but not limited to, "[a]n order that... designated facts shall be taken as established for the purposes of the action in accordance with the claim of the party obtaining the order," an order precluding the disobedient party from submitting such evidence at trial, or an order dismissing the case or entering a default judgment for the opposing party. FED. R. CIV. P. 37(b)(2). Rule 37(b) also provides that, in lieu of or in addition to any other appropriate order, the court shall require the party failing to obey

the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b). A district court, whether acting pursuant to Rule 37 or exercising its inherent power to control litigation, has wide discretion in sanctioning a party for discovery abuses. Reilly v. Natwest Mkts. Group Inc., 181 F.3d 253, 267 (2d Cir. 1999).

### III.   DISCUSSION

#### A.   Motion to Compel Discovery

Plaintiffs request that the Court enter an order:

1. overruling Defendants' general objections and their objections as to requests for admissions;

2. striking the alleged surplusage in Defendants' responses to Plaintiff's Request Numbers 35, 36, 39, 40, 43, 76, 137, 149, 150, 207, 260, 307, 314, 506, and 529;

3. directing Defendants to serve proper responses within ten days to requests regarding documents (Requests Numbers 18, 19, 21 through 26, 70, 353 through 487 regarding Exhibits 1 through 17, 80, 81, and 83 through 92), on the grounds that the answers to these requests do not comply with Rule 36;

4. alternatively, they request an order of the Court that the matters of which admission was requested (Requests 27, 28, 29, 30, 31, 32, 42, 59, 60, 61, 84, 98, 99, 105, 120, 126, 149, 150, 168, 183, 210, 222, 233, 259, 260, 261, 288, 307) stand admitted; and

5. that Defendants reimburse Plaintiffs for reasonable expenses incurred in pursuing this order, including attorney's fees.

Plaintiffs' memorandum requests the relief stated above, but it also references specific Requests in the body of the memorandum without seeking specific relief with respect to those Requests in the Summary. The Court will not sort through all 536 Requests to assess the sufficiency of Defendants' responses. The Court has therefore construed Plaintiffs' motion as seeking relief only as to those Requests specifically referenced in their memorandum. The Requests are

4

addressed below and grouped together according to the responses offered by Defendants with respect to the Requests.

       1.      Compelling Responses to Requests for Admission

           ***a.***      ***Requests 27, 28, 29, 30, 31, 32, 307***

Plaintiff argues that Defendants' responses to these requests for admission are inadequate because Defendants disavow any understanding of the terms used in the job postings for the Brand Marketing positions at issue in this case. Plaintiffs claim that it is inconceivable that Defendants do not understand what the terms mean, as they wrote the job descriptions and utilized this criteria when selecting applicants to hire. Defendants argue that Plaintiffs' requests are vague and ambiguous but, without waiving these objections, denied that Plaintiffs' resumes stated that they had the alleged years of experience.

The Court finds that Defendants' responses to Requests 27, 28, 29, 30, and 307 do not fairly meet the substance of Plaintiffs' requests. Plaintiffs have attached a job description sheet on which appears the terms that Defendants' claim they have insufficient knowledge to understand. Based upon the language of the requests, coupled with the employment description, the Court agrees with Plaintiffs that Defendants' responses are insufficient. Whether Plaintiffs represented in their resumes that they had a particular area expertise or a specific number of years of experience does not sufficiently answer Plaintiffs' requests. Finally, Defendants' claim that Plaintiffs' requests are vague and ambiguous with respect to who was "aware" of the work experience of Plaintiffs and others is disingenuous. The requests clearly ask Defendants to state who at Diageo knew information regarding the Plaintiffs' work experience, and Defendants shall offer appropriate responses.

The Court concludes that Plaintiffs' Requests 31 and 32, in addition to objecting on the grounds of vagueness and ambiguity, are adequately answered as Defendants specifically denied these requests.

### b. Request 42

Plaintiffs contend that Defendants' response fails to specifically set forth an admission or denial.  Although Defendants provided an objection on the grounds of vagueness and ambiguity, the Court finds that contention unreasonable, as the statement is clear.  Defendants' denial of information related the question, although likely relevant to establishing her experience, does not sufficiently answer Plaintiffs' request.  Defendants are required to provide a response to this request.

### c. Requests 59, 60, 61, 210, 222, 228, 233, 261

Defendants object on the grounds of relevance and that these requests are not likely to lead to the discovery of admissible evidence.  Plaintiffs have not specifically addressed these issues in their supporting memoranda or otherwise established the relevance of these requests to their claims.  Based upon the claims to be tried, the Court will not compel Defendants to respond to these requests.

### d. Requests 84, 105, 126, 168, 183, 259, 260

Defendants object to Requests 84, 105, 126, 168, 183, 259, and 260 on the grounds of vagueness and ambiguity and that they are consequently incapable of an accurate response.  The Court finds that Plaintiffs' requests are neither vague nor ambiguous.  Responding to these requests requires admitting or denying such specific facts as, for example, the dates of company-wide meetings (#84), the existence of a supervisory relationship of two Diageo employees

(#105), an employee's work experience (#126), and an employee's giving Plaintiff Strakosch a list of employee names and ages on a certain date (#260). Defendants shall therefore specifically admit or deny these allegations.

    *e.*  *Requests 35, 36, 39, 40, 43, 76, 98, 99, 137, 206, 228, 261, 314, 340, 491, 506, 510, and 529*

Defendants object to these Requests on the grounds of vagueness and ambiguity and that these requests are irrelevant to Plaintiffs' case. The Court concludes that these requests are not so vague or ambiguous as to prevent Defendants' from responding. Further, these requests, which in general refer to particular company policies and employee management decisions, are reasonably calculated to lead to the discovery of admissible evidence. Defendants shall specifically admit or deny these requests.

The Court concludes, however, with respect to the above requests that Defendants have adequately responded to Requests 206, 314, and 510. Therefore no further response with respect to these requests are necessary.

    *f.*  *Requests 149, 150*

Requests 149 and 150 refer to the existence of documents in Diageo's possession which relate to Jose Cuervo International's alleged dissatisfaction with Plaintiffs' job performance. Defendant Diageo responded that it would "respond to th[ese] request[s] after further investigation." Plaintiffs contend that this response is disingenuous because the issue has been in litigation for years, as evidenced by Defendants' attorneys' position statements to the Commission on Human Rights and Opportunities dated March 26 and April 10, 2003, stating that Cuervo advised Diageo of its dissatisfaction with Diageo's team, which included Plaintiffs.

7

(See Pl.'s Mem., Ex. C.)  The Court finds that the requests are neither vague nor ambiguous and is likely to lead to the discovery of admissible evidence.  Defendants shall specifically admit or deny these requests.

### g.     Request 288

Plaintiffs argue that Defendants' response fails to specifically admit or deny the request.  The Court finds that Defendants' response is sufficient as it admits Plaintiffs' request.  The Court will not order any further response from Defendants on this issue.

### 2.     Striking the Alleged Surplusage in Defendants' Responses to Plaintiffs' requests 35, 36, 39, 40, 43, 76, 137, 149, 150, 207, 260, 307, 314, 506, and 529.

The Court concludes that Defendants' responses to these requests do not constitute surplusage.  Rather, some responses, in addition to objecting on the grounds of vagueness, ambiguity, and relevance, also include a statement as to why the request was irrelevant.  However, Plaintiffs have not provided an argument as to the relevance of these requests to Plaintiffs' claims.  The Court cannot therefore conclude that certain information in these requests is reasonably calculated to lead to the discovery of admissible evidence and that other portions of Defendants' responses are irrelevant surplusage.  Accordingly, the Court will not strike Defendants' statements as surplusage.

Defendants' responses to Requests 149 and 150, which Plaintiffs argue include surplusage, provide that Defendants will respond to this request after further investigation.  These requests clearly do not include surplusage, and, as discussed above, at this point in the case they can be readily answered by Defendants.  Defendants shall specifically admit or deny these Requests.

    3.    Directing Defendants to Serve Proper Responses to Requests Regarding Documents

    *a.    Requests 18, 19, 21, 22, 25, 26*

Defendants object to these Requests for Admission on the grounds that they seek information neither relevant to the subject matter of the case nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs have not provided an argument as to the relevance of these requests to Plaintiffs' claims, and the Court cannot conclude that the information is reasonably calculated to lead to the discovery of admissible evidence. The court denies Plaintiffs' motion to compel responses regarding these documents.

    *b.    Requests 23, 24, 70, 353 through 487 regarding Exhibits 1 through 17, 80, 81, and 83 through 92*

In response to these Requests, Defendants stated: "Pursuant to discussions with Plaintiffs' counsel, and subject to and without waiving any objections, Defendants will authenticate any non-objectionable documents at the time the parties prepare their pretrial memorandum and exchange exhibits for trial." Plaintiffs need verification of the authenticity of any documents produced only in order to use them at trial, where evidence must be authenticated in order to be admissible. See FED. R. EVID. 901 & 902(11), (12). Having any particular document's stamp of authenticity should not affect Plaintiffs' course of action during discovery or their preparation of or opposition to any pre-trial dispositive motions. The Court does not believe it necessary at this point to order Defendants to spend the time and resources necessary to authenticate thousands of pages of documents. Authenticating the documents in Requests 23, 24, 70, 353 through 487 regarding Exhibits 1 through 17, 80, 81, and 83 through 92 at the time parties prepare their pre-trial memoranda provides Plaintiffs ample time to prepare for trial and does not unduly prejudice

9

them now.

### 4. Plaintiffs seek costs and fees associated with obtaining this order

Plaintiffs request Defendants pay reasonable costs and expenses associated with obtaining this order to compel discovery. Rule 37(b) provides that the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b). The Court has found that Defendants have failed to comply with key provisions of its prior Order, and there is nothing presently before the Court to suggest that an award of expenses to Plaintiffs would be unjust. Accordingly, Defendants are ordered to pay reasonable costs and expenses associated with Plaintiffs' motion to compel. [Doc. No. 67.] Plaintiffs shall address their request to cover costs with the Clerk of the Court.

## B.     Plaintiffs' Motions for Sanctions

Plaintiff move the Court to enter an order granting one or more of the following sanctions:

1. an order of default against Defendants;
2. an order that Defendants may not contest that the Plaintiffs were more qualified than the younger, successful applicants;
3. the drawing of an adverse inference at the summary judgment stage as to each item in which Defendants are in non-compliance and instructing the jury to do so at trial;
4. requiring Defendants to pay Plaintiffs' reasonable expenses including attorney's fees connected with this motion.

Plaintiffs maintain that Defendants have disobeyed the Court's prior Order by failing to provide the entire personnel files of Waller, Whiteside, Van Ness, Young, Swedberg, Joden, Benton,

Knight, and Ward, as ordered by the Court in January, 2005. In particular, Plaintiffs assert that the 15 additional pages produced by Defendants to complete Waller's file do not fully supplement the earlier deficient production, and Plaintiffs list various performance review documents--People Performance Management (PPM), Personal Development Reviews (PDR), and Be The Best (BTB) Development Plans–which they believe should be in all employees' personnel files but which Defendants have not produced.

  Plaintiffs also move for sanctions on the grounds that Defendants disobeyed the Court's Order by failing to produce a list of Level 4 and 5 employees in Defendant Waller's jurisdiction from 2001 and 2003 which included their performance/promotability or "high potential" ratings, despite deposition testimony from Waller, Linda Sorrell, and Suki Balet that such a list existed. Defendants counter that they are under no obligation to produce such information because no such lists exist. In support of their position, Defendants accurately refer to Waller's testimony that he does *not* have a list of high potential employees (Defs.' Opp. Ex. 12, Waller Dep. at 186:1-2) and Balet's testimony that she does not know whether a centralized list of employees and such information exists. (Defs.' Opp. Ex. 13, Balet Dep. at 18:23-25.) However, Defendants mischaracterize Ms. Sorrell's testimony when they assert that she merely "speculated" that such information may exist. (Defs.' Opp. Br. at 7.) Ms. Sorrell testified that she is not aware of the age of any employee who has been designated high potential (Sorrell Dep. at 114:3-5), not, as Defendants suggest, that she is not aware of the existence of "high potential" designations. She also fairly clearly states that Linda Buscek and Mary Kay McGeown possess that information. (Id. at 114:7-22.) Despite their dubious reading of the deposition testimony, Defendants claim that they have obtained and produced all documents containing "high

11

potential" designations maintained by Buscek and McGeown (Defs.' Opp. at 7) and that they have produced over 80 pages of documents reflecting such ratings for Level 4 and 5 employees under Waller during the relevant time period. (Defs.' Surreply at 3.)

Despite Plaintiffs' disappointment in the relatively small number of documents produced, they have provided no evidence to the Court that Defendants are deliberately withholding existing documents which should be included in these employee personnel files. In the absence of evidence to the contrary, the Court must accept Defendants' statements at face value, and Defendants' statements to this Court assert that they have fully complied with the Court's prior Order. Correspondence between counsel, attached as exhibits to Plaintiffs' motion, demonstrate that Defendants have been cooperative with Plaintiffs in their attempts to comply with the Order. The Court has no reason to believe, aside from Plaintiff's unsubstantiated allegations, that Defendants are deliberately withholding responsive documents in defiance of the Court's discovery Order. The Court notes that it did not order the Defendants to produce specific documents demonstrating particular kinds of evidence which tend to prove Plaintiffs' claims. The Court does not know what evidence Defendants possess, what evidence cannot be located or produced, or what evidence may appear and constitute a "smoking gun" to substantiate Plaintiffs' claims. The value or persuasiveness of the discoverable documents are not matters for the Court to consider when reviewing discovery motions. The Court's role at this point is to facilitate fair and reasonable discovery as prescribed by the Federal Rules of Civil Procedure and to sanction those parties who do not comply with the requirement to produce all responsive documents still in existence. If a party attests that it has made a good faith effort to locate and produce all documents but that it has failed to locate potentially responsive documents, the Court must

accept that party's statements, even if it has failed to produce the particular evidence which opposing counsel was hoping to collect in order to substantiate her client's claims.

The Court must therefore accept Defendants' statements that it has made a good faith effort to collect and produce all responsive documents and that those produced to Plaintiff are the only documents comprising these employees' personnel files. The same is true for the production of the "high potential" designations information: without substantive evidence that Defendants are withholding additional documents with this information, the Court must also accept Defendants' assertions that they have produced all documents responsive to this request for performance/promotability information. Accordingly, the Court cannot conclude that Defendants have disobeyed this Court's prior order.

However, the Court notes that Defendants have produced rather slim volumes in response to requests for entire personnel files of long-time employees. (According to Defendants, they have produced 1,500 documents in this litigation, an amount which does not greatly impress the Court given the size of a corporation such as Diageo and the hundreds of thousands of documents routinely produced in commercial litigation.) It is reasonable to assume, as Plaintiffs have, that, for example, a personnel file for Defendant Waller, a Diageo employee for 16 years, would contain a greater number of documents than those produced in the litigation, including his annual performance reviews from all 16 years of his employment and his personnel forms regarding his recent departure from the company. It is also reasonable to imagine that, given the volume of files held by a large company such as Diageo, Defendants cannot locate older documents which would comprise a complete personnel file for Mr. Waller. The Court reminds Defendants of its obligation, dating from the initiation of this lawsuit in March, 2004, to preserve all evidence they

had reason to believe would be relevant to this litigation.  See Fujitsu Ltd. v. Federal Exp. Corp., 247 F.3d 423, 436 (2d Cir. 2001) ("The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation.").  The Court also sympathizes with Plaintiffs' suspicions of bad faith on the part of Defendants when they produced personnel files conspicuously lacking most of the performance reviews for the period prior to June, 2002.  Proof of Plaintiffs' age discrimination claims may hinge on evidence that they were more qualified than the younger applicants who were promoted.  Defendants' inability to locate documents describing the younger applicants' job performances in the years preceding their promotions reasonably appears suspiciously convenient to Plaintiffs.  Nevertheless, Plaintiffs have not demonstrated that Defendants have actually spoiled evidence or deliberately withheld responsive documents in their possession.  Taken at face value, Defendants have cooperated with Plaintiffs and complied with this Court's Order.  Accordingly, there is no basis for this Court to sanction Defendants.

## IV.    CONCLUSION

Plaintiffs' motion for sanctions [Doc. No. 63] is **denied.**  Plaintiffs' motion to compel discovery [Doc. No. 67] is **granted in part** and **denied in part.**

IT IS HEREBY ORDERED THAT Defendants provide answers to Requests for Admission number 27-32, 35, 36, 39, 40, 42, 43, 76, 84, 98, 99, 105, 126, 137, 149, 150, 168, 183, 228, 259, 260, 261, 307, 340, 491, 506, and 529 on or before November 2, 2006.  Following this discovery, Plaintiffs may supplement their response to Defendants' motion for summary judgment [Doc. No. 81] on or before November 16, 2006.  Defendants may then reply to

Plaintiffs' supplemental opposition brief on or before November 27, 2006.  Defendants are also ordered to pay reasonable costs and expenses associated with Plaintiffs' motion to compel; Plaintiffs shall address their request to cover costs with the Clerk of the Court.

    SO ORDERED.

    Dated at New Haven, Connecticut, October  23 , 2006.

/s/
Peter C. Dorsey
United States District Judge
