UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MEREDITH G. HAMPTON and | : | |
| GEORGE STRAKOSCH, | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 3:04-CV-346 (PCD) |
| | : | |
| DIAGEO NORTH AMERICA, INC. and | : | January 16, 2007 |
| MARK WALLER, | : | |
|     Defendants. | : | |

**ORDER ON PLAINTIFFS' PETITION FOR FEES**

On October 23, 2006, the Court issued a ruling [Doc. No. 105] denying Plaintiffs' Motion for Sanctions [Doc. No. 63], granting in part Plaintiffs' Motion to Compel Proper Responses to Requests for Admissions [Doc. No. 67], and ordering Defendants to pay reasonable costs and expenses associated with Plaintiffs' successful motion. Pursuant to that ruling, on December 21, 2006, Plaintiffs petitioned the Court for fees [Doc. No. 113] and submitted affidavits detailing the costs and expenses incurred in preparing their Motion to Compel. Fees may only be awarded for work performed by Attorneys Jane Monahan and Burton Kainen in connection with the successful components of Plaintiff's Motion to Compel, and the Court has discretion to determine a reasonable number of attorneys' hours for which Plaintiffs should be compensated, whether by identifying specific hours that should be eliminated or by simply reducing the award to account for their limited success on their motion. See Hensley v. Eckerhart, 461 U.S. 424, 436-37 (1983). Plaintiffs will not be awarded fees for hours listed in their attorneys' time records which were devoted to their unsuccessful Motion for Sanctions or other unrelated issues. Where the affidavits of Attorneys Monahan and Kainen do not clearly state the extent to which work performed was related to the Motion to Compel as opposed to other issues listed in the time

records, the Court will arbitrarily give credit to Plaintiffs for half of those hours, assuming the remainder is attributable solely to issues for which the Court's October 23rd Ruling did not award them fees. Plaintiffs are also not entitled to fees for the minimal time spent by their attorneys preparing the affidavits for their petition for attorneys' fees. Cf. Gagne v. Maher, 593 F.2d 336, 344 (2d Cir. 1979), aff'd on other grounds, 100 S.Ct. 2570 (1980) (where denying attorneys' fees for extensive work expended and travel costs incurred preparing a petition for fees would "dilute the value of a fees award by forcing attorneys into extensive, uncompensated litigation in order to gain any fees"). Plaintiffs shall be awarded fees for 9.35 hours of work reasonably performed by Attorney Monahan at the rate of $250 per hour ($2,337.50), and 4.3 hours reasonably performed by Attorney Kainen at the rate of $325 per hour ($1,397.50), for a total award of $3,735.00.

      SO ORDERED.

      Dated at New Haven, Connecticut, this 16th day of January, 2007.

                                              /s/
                                       Peter C. Dorsey
                                       United States District Judge